FILED
SUPERIOR COURT
OF GUAM

2019 MAY 30 PM 1:48

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0185-19 |
|---|---|
| vs. | DECISION AND ORDER |
| JUSTIN MICHAEL DUENAS, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 20, 2019 and May 29, 2019, for hearing on Defendant Justin Michael Duenas' ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or Third Party Custodian("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Kristine Borja, and Assistant Attorney General Brendlynn O. Joseph was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on May 29, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On April 2, 2019, Defendant was indicted with the following charges: (1) Kidnapping (As a Second Degree Felony); (2) Family Violence (As a Third Degree Felony); (3) Terrorizing (As a Third Degree Felony); and (4) Criminal Mischief (As a Third Degree Felony). (Indictment, Apr. 2, 2019). Each felony charge also carries an attached Notice: Commission of

*People v. Duenas*
Case No. CF0185-19
Decision and Order

a Felony While on Felony Release. *Id.* These charges stem from allegations that while driving on the morning of January 18, 2019, Defendant got into an argument with Casey Lynn Borja Leon Guerrero ("Casey"). (Decl. of Jeremiah B. Luther, Magistrate's Compl., Mar. 25, 2019). When Casey attempted to leave the vehicle at a stop-light, Defendant grabbed her by the wrist, pulled her back into the vehicle, pulled her arm across his stomach and held her there. *Id.* Defendant held Casey's wrist, twisted her arm, told her that she wasn't going anywhere, and continued to yell at her while driving. *Id.* Upon arrival at Ypao Gardens, Casey yelled for help, stuck her legs out the window, and pushed the car horn in an attempt to get help, which Defendant responded to by placing her in a headlock. *Id.* Later that night around 1:00 a.m., Defendant and Casey got into another argument, and Defendant hit Casey twice across the face with the back of one of his hands. *Id.* Defendant dropped Casey off at the Sheraton to work, and she called a friend, Frank G.J. Duenas ("Frank) for help. *Id.* Frank observed swelling and bruising on her cheek. *Id.* Casey and Frank left the Sheraton to discuss the incident, and arrived back the Sheraton around 6:30 a.m. *Id.* After they arrived, Defendant drove up and cut them off, got out of his vehicle, and punched the hood of Frank's car. *Id.* Defendant then rammed Frank's vehicle causing damage, when Frank attempted to block his car in to prevent him from leaving before the police arrived. *Id.* Later on, Defendant called Casey when she was at the police station, threatening to shoot Frank and his whole family. *Id.*

On May 6, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $15,000 cash bail. *See* Commitment Order, Mar. 25, 2019. The Government did not file a written response to the motion, but orally opposed the motion on May 20, 2019. The Court instructed the Government file a written opposition and continued the Motion for May 29, 2019. No written response was ever filed.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the fifteen thousand dollar ($15,000.00) cash bail. *See generally*, Mot. Bail Redetermination, May 6, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-nine (29) year lifelong resident of Guam and has four dependents aged 11, 8, 7 and 1 years old. *See generally*, Mot. Bail Redetermination, May 6, 2019. Although Defendant also lists two possible Third Party Custodians ("TPC") in his Motion for Bail Redetermination, neither individual has gone to the Probation Office to apply as a TPC.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to comply with Court orders. Defendant is charged with four serious felonies, each with an attached notice of Commission of Felony While on Felony Release. Defendant is alleged to have trapped Casey in the car, physically restraining her causing her pain, striking her in the face, and made threatening statements to her later on that more harm would come to her friend Frank and his family. (Decl. of Jeremiah B. Luther, Magistrate's Compl., Mar. 25, 2019). Further, at the time of the alleged incidents, Defendant was on pre-trial release for Superior Court of Guam Criminal Case No. CF0660-17, where he faces similar charges of Terrorizing (As a Third Degree Felony); Criminal Mischief (As a Third

Degree Felony); Assault (As a Misdemeanor); and Family Violence (As a Misdemeanor). (Indictment in CF0660-17, Dec. 4, 2017). A Bench Warrant was issued in that matter on November 6, 2018, after he failed to check in with Probation as required, even after being previously admonished about his check in requirements. *See* Violation Report, Apr. 30, 2018; 2nd Violation Report, Sep. 27, 2018; Bench Warrant, Nov. 6, 2018. Defendant's Return of Warrant in that matter occurred upon his arrest for the new charges in the instant matter. *See* Return of Warrant, Mar. 26, 2019.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for July 9, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to May 29, 2019, this ____ **MAY 3 0 2019** ____.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

*AG, PDSC*

Date 5-30-19 Time 2pm
Deputy Clerk, Superior Court of Guam

*People v. Duenas*
Case No. CF0185-19
Decision and Order